In the Matter of the Petition of HENRIETTA FRANK and SAMUEL DANZIGER, as Executors, etc., of JOSEPH DANZIGER, Deceased, for a Determination as to the Construction or Effect of the Disposition of Property Contained in the Last Will and Testament of JOSEPH DANZIGER, Late of Queens County, N. Y., Deceased. ETHEL DANZIGER, Individually and as General Guardian of JOYCE DANZIGER and MARTIN DANZIGER, Infants, etc., and CHARLES MARGETT, as Special Guardian for JOYCE DANZIGER and MARTIN DANZIGER, Infants, etc., Appellants; HENRIETTA FRANK and SAMUEL DANZIGER, as Executors, etc., of JOSEPH DANZIGER, Deceased, Respondents.— Proceeding by the executors for construction of the will and for instructions as to whether or not under paragraph "Thirteenth" thereof the beneficiaries are required to occupy the residence property as a condition to maintaining their estate therein. Decree of the Surrogate's Court, Queens County, modified by striking out the third decretal paragraph, and substituting the following therefor: "Ordered, Adjudged, Decreed and Determined, that the true construction and effect of paragraph 'Thirteenth' of the Last Will and Testament of the deceased is that upon an election to take possession within sixty days of the testator's death of the residence at 7325 67th Road, Middle Village, Borough of Queens, City of New York, by Ethel Danziger, Joyce Danziger and Martin Danziger, there vests in said persons an estate in said premises limited until the marriages of both Joyce Danziger and Martin Danziger, or the survivor of them; and that the enjoyment of the said devised estate is not conditioned upon actual occupancy of the premises by the said beneficiaries; that the remainder in fee is devised to the First Ladies Benevolent and Daughters of Abraham of Middle Village; and it is further." As thus modified, the decree, in so far as appealed from, is unanimously affirmed, with costs to all parties filing briefs, payable out of the estate, and the matter remitted to the Surrogate's Court, Queens County, for the entry of a decree accordingly. The devise is of the use of the real property and the devised estate vests if the beneficiaries elect to take possession within sixty days of the testator's death. The estate thus created is directed to run until the time of the marriages of both children, or the survivor of them. The words "use" and "possession" in the will do not make it apparent that the testator, who was an attorney, intended that they be construed as synonymous with "occupancy of the premises." There is no direction that the devised estate is to be defeated or forfeited upon the failure

of the beneficiaries to continue to live in the premises and such a condition subsequent should not be implied. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.